Black P.J.,
This is an action in contract in which the plaintiff, Michael Kampfe, seeks to recover severance benefits allegedly owed to him by the defendant, Polaroid Corporation.
The plaintiff was an employee of the defendant corporation since 1973. In 1984, the defendant implemented the Voluntary Reduction Plan (hereinafter referred to as “VRP”) as a means of reducing the number of its employees. The VRP was designed to offer monetary incentives to employees who voluntarily resigned from the company. The program was effective only between March 1 and May 11, 1984, i.e. to qualify, an employee would have to resign within these stated time periods. Employees qualifying for the program were to be paid two weeks pay for each year of seniority upon termination.
Not all employees, however, were eligible for the VRP. In addition to other categories, employees whose jobs would need to be filled from outside the company were not eligible for the program. There was also a limit on the number of employees from each occupational group who would be accepted into the program. If qualified, employees would be accepted on a “first come, first served” basis. Management was responsible for determining whether or not an employee would qualify to participate in the program.
The plaintiff claims that he duly declared his intentions to participate in the VRP on April 13,1984, terminated his employment with the defendant on May 11,1984, and was subsequently informed that he would not be qualified for the VRP. Management had decided that the plaintiff was not eligible to participate in the program since his position would have to be filled by hiring someone from outside the company.
After an unsuccessful appeal within the company, the plaintiff commenced this action in Norfolk Superior Court claiming that a contract was formed with respect to the VRP and alleging that the defendant breached said contract. The case was then remanded to the Brookline District Court for trial.
On April 26,1988, the defendant filed a motion to dismiss the complaint or, in the alternative, for summary judgment on the.ground, inter alia,that the plaintiffs state law contract claim is preempted by the exclusivity provisions of the federal Employee Retirement Income Security Act (“ERISA”), 29 U.S.C. § 1144(a) and that preemption would give rise to a lack of subject matter jurisdiction in the District Court. Dist./Mun. Cts. R. Civ. P., Rule 12(b)(1). The defendant opposed the motion, which was denied by the trialjudge on May 24, 1988. The defendant is claiming to be aggrieved by the denial of the motion to *63 dismiss.
Under normal circumstances, there is no right of appellate review of interlocutory matters prior to final judgment, in the absence of a voluntary report by the trial judge. Palumbo v. New England Tractor Training School of Connecticut, Inc., 1986 Mass. App. Div. 147. See also, Dist./Mun. Cts. R. Civ. P., Rule 64(b). However, the trial judge voluntarily reported this case for the reason that the issue so affects the merits of the controversy that it ought injustice to be determined by the Appellate Division before further proceedings are had.
29 U.S.C. § 1144(a) provides that state laws shall be preempted by ERISA insofar as they “relate to any employee benefit plan.” Thus, to determine whether or not the plaintiffs state law breach of contract claim is preempted by ERISA, we must initially determine whether or not the VRP is an “employee benefit plan” to which ERISA applies.
The plaintiff argues that since the VRP has never sought to comply with ERISA, i.e. did not publish an annual report, a financial statement, or a summary plan discription, it should not be considered an employee benefit plan under ERISA. However, in Gilbert v. Burlington Industries, Inc., 765 F. 2d 320 (2d Cir. 1985), summarily aff'd, 477 U.S. 901 (1986), the court was not persuaded by this argument when it held that a severance pay policy is an “employee welfare benefit plan.”
Similarly, the court in Schwartz v. Newsweek, Inc., 653 F. Supp. 384 (S.D.N.Y. 1986) cited Gilbert when holding that a severance pay policy constituted an “employee welfare benefit plan.” Like the present case, the defendant in Schwartz did not attempt to comply with ERISA, but simply set forth its severance pay policy in a memorandum to its employees, along with oral representations regarding the policy.
More recently, the Supreme Court of the United States attempted to define an “employee benefit plan” to determine whether or not a Maine statute requiring employers to pay severance pay in certain situations were preempted by ERISA. In Fort Halifax Packing Co. v. Coyne, 482 U.S._, 96 L. Ed. 2d 1 (1987), the Supreme Court upheld the statute, reasoning that although the severance pay statute was a “benefit” it was certainly not a “plan” which Congress intended to be governed by ERISA. “Congress intended pre-emption to afford employers the advantages of a uniform set of administrative procedures governed by a single set of regulations. This concern only arises, however, with respect to benefits whose provision by nature requires an ongoing administrative program to meet the employer’s obligation.” Fort Halifax, at p. 11. See Also, Commonwealth v. Morash, 402 Mass. 287 (1988) and Barry v. Dymo Graphic Systems, Inc., 394 Mass. 830 (1985).
In view of the aforementioned decisions, the plaintiffs breach of contract claim is clearly preempted by ERISA. The VRP, although not conforming to the reporting requirements of ERISA, does constitute an “employee benefit plan” under ERISA. It is a severance pay plan whose provisions required an administrative program to review applications, determine eligibility, and calculate payments. Certainly, this is the type of “plan” contemplated by the Supreme Court in Fort Halifax and intended to be governed by ERISA.
Since the plaintiffs state law contract claim is preempted by ERISA, the plaintiffs claim must be decided under the provisions of ERISA. We now turn to the question of whether the District Court has subject matter jurisdiction of ERISA actions.
29 U.S.C. § 1132, subsections (a) and (e) give state courts and district courts of the United States concurrent jurisdiction of civil actions brought by a participant or beneficiary to recover benefits due to him under the terms of a *64 plan. Therefore, it would appear that the trial court in the instant case does have subject matter jurisdiction over any claim for benefits under the VRP. A review of the plaintiffs complaint shows a clear intent to make a claim for benefits under the plan. In fact, the entire basis for the plaintiffs claim is that he is owed money under the VRP. Thus, the trial court’s subject matter jurisdiction is without dispute.
Consequently, the trial judge did not err in denying the defendant’s motion to dismiss. The matter will remain in the District Court for determination. “Under ERISA, a determination whether an employer improperly denied benefits allegedly due an employee requires the application of an ‘arbitrary and capricious’ standard.” Barry v. Dymo Graphic Systems, Inc. 394 Mass. 830, 839 (1985). We would urge the trial judge to review the Barry decision for further guidance as to the proper application of ERISA.
The report is hereby dismissed.